UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:  
ROCKETPLANE KISTLER, INC.  

CASE NO. 10-29963-svk

Chapter 7

Debtor.

TRUSTEE'S MOTION FOR AUTHORITY TO SELL AT AUCTION

Matthew R. Schwitzer, duly appointed and acting Chapter 7 Trustee in the above-captioned bankruptcy case moves the Court to approve the Trustee's motion to sell all the assets of the Debtor, Rocketplane Kister, Inc. ("Debtor" or "Rocketplane"), consisting of intellectual property, engineering designs, mechanical parts, tooling, documents and all other miscellaneous company property (collectively "Assets") at auction under authority of 11 U.S.C. §363, and respectfully represents:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§1334 and 157.

2. Movant is the duly appointed and acting Chapter 7 trustee in the Debtor's case.

3. The Debtor filed this Chapter 7 case on June 15, 2010.

## BACKGROUND

4. Prior to its Chapter 7 filing, Rocketplane's primary project was the design and manufacture of the K-1 launch vehicle, a reusable launch system which was intended to achieve geosynchronous orbit and was intended to compete with NASA's relatively expensive, one-shot rockets for servicing of the International Space Station.

## ASSETS

5. The Assets of the Debtor's estate are described briefly herein and consist of the following and are more completely described on Exhibit A attached hereto:

    a. __Patents and Trademarks.__ All the Debtor's right, title and interest in patents and trademarks owned or utilized by the Debtor or applied for by anyone on behalf of the Debtor or an entity related to the Debtor. A summary of the intellectual property regarding patents and trademarks owned by Debtor, formerly doing business as Kistler Aerospace Corporation, includes, but is not limited to the attached Exhibit A and is incorporated herein by this reference.

    b. __The Debtor's Internet Domains.__ The internet domains include but are not limited to rocketplanekistler.com and any other sites owned by the Debtor ("Web Sites").

c.  The Debtor's Contract Rights.  All of the Debtor's right, title, and interest in the Debtor's contracts with suppliers, vendors, manufacturers and consultants. A list of the entities and individuals who has contractual relationships with the Debtor is unknown and is not stated in the Debtor's bankruptcy petition. Purchaser reserves the right to determine whether to affirm or reject any contract ("Contract Rights").

d.  Potential Avoidance Claims.  All of the Trustee's right, title and interest and ability to pursue avoidance actions against MacDonald Dettwiler or any other creditor who claims to have a secured interest in the Assets being purchased. The Trustee's avoidance powers under the Bankruptcy Code being purchased include but not limited to the Trustee's avoidance powers under 11 U.S.C. Section 544. At this time, and while other secured claims are the subject of a Motion to Compromise, the Trustee is aware only of one claim identified as secured claims of MacDonald Dettwiler. The Debtor's petition describes a general business security agreement ("GBSA") held by MacDonald Dettwiler in the amount of $2,300,000. The trustee represents to the court that a UCC search has been conducted in Oklahoma, Washington, and Wisconsin and has revealed no such filing of any document pertaining to any MacDonald Dettwiler GBSA for the Debtor. That is, if a valid GBSA between MacDonald Dettwiler and Debtor does exist, it does not appear to be perfected.

e.  Accounts Receivable. All of the Debtor's right, title and interest in its accounts receivables ("Accounts Receivable"), if any.

f.  Inventory.  All of the Debtor's right, title and interest in any and all tooling, manufacturing equipment and inventory maintained for the manufacture of the reusable launch system relating to this aerospace company, headquartered in Green Bay, Wisconsin with storage facilities and locations in Wisconsin, California, and Louisiana. Inventory includes, but is not limited to any and all graphics and designs and/or software of any kind used for the preparation for marketing materials, presentations and proposals ("Inventory").

g.  Catchall Assets.  All of the Debtor's right, title and interest in any other assets including but not limited to intellectual property, confidential and/or proprietary information, contract rights or physical assets relating to the design, manufacture, marketing, presentation and proposal, for the manufacture and/or utilization of the reusable launch system ("Catchall Assets").

6. Liens or encumbrances on all Assets of the Debtor are the subject to a pending Motion to Compromise (see Docket entry No. 21 in this case) and may be encumbered by so-called "warehouseman's" liens.

7. Despite diligent investigation, uncertainty still exists as to the condition of some of the Assets being sold due to the highly technical nature of the Assets; therefore, the auction provides for the sale of the estate's interest in the Assets "as is and where is", without warranties of any kind, expressed or implied, being given by the Trustee or any agent on behalf of the bankruptcy estate, concerning the existence of the Assets, the condition of the Assets, the quality of the title thereto, subject to all valid and perfected liens and

encumbrances, if any. However, the trustee and the auctioneer have provided opportunity for any interested potential purchasers to physically view the Assets.

8. Debtor's assets have a petition value listed as $108,250.00, but it is believed that the sale of the Debtor's assets will exceed that amount at auction.

9. The Trustee is informed and believes that the best method for selling the Debtor's Assets is via auction sale. The auction process will provide for an orderly completion of the sale of the Assets by permitting all bidders to compete on similar terms, and will allow interested parties to participate in live bidding (on-line or in person) in order to realize the highest benefit for the estate.

10. By this motion, the Trustee is moving the court for authority to sell all Assets of the Debtor at a physical auction being held in Green Bay, Wisconsin and supplemented by virtual (on-line) bidding (after approval of the auction sale by the Court) on or about November 11, 2011 or after the court approves this Trustee's Motion for Authority to Sell at Auction.

11. The Trustee has arranged for Heritage Global Partners, Inc., Hacienda Del Mar, 12625 High Bluff Drive, Suite 211, San Diego, California 92130 to conduct an auction sale of the Debtor's assets. By separate application, the Trustee received authority to employ the Heritage Global Partners, Inc. to conduct the auction (see Docket entry No. 17 in this case) pursuant to an Order by this Court dated December 22, 2010.

12. The Trustee represents that there are no known valid or perfected security interests or lines on any of assets to be sold at auction other than those so provided in the Motion to Compromise currently pending with this court, except those contemplated in this motion

13. The Trustee represents to the Court that given the apparent amount of equity in the property to be sold, the Trustee believes that unsecured creditors will be paid.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing the Trustee to conduct auction sale of the Assets, subject to any liens, claims and encumbrances, if any, except those of which are provided for in the aforementioned Motion to Compromise, with the same to attach to the proceeds of the sale in the order of their priority, and that the Court grant such other and further relief as is appropriate.

Respectfully Submitted:

Dated: November 3, 2010

/s/ Matthew R. Schwitzer
Matthew R. Schwitzer
Chapter 7 Trustee
715 Superior Road, Suite 121A
Green Bay, WI 54311
Tel: 920-321-2500
Fax: 920-321-2501
E-mail: mschwitzer@schwitzerlaw.com